**THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

QAASID BAJWA,

Plaintiff,

vs.

VIRGIN ATLANTIC AIRWAYS LIMITED AND "JOHN/JANE DOE" (an employee/flight attendant yet to be identified),

Defendant.

**COMPLAINT**

Civil Action No.:

Plaintiff, by his attorneys, KHAVINSON & MANDRONICO, P.C., as and for this Complaint, respectfully alleges, upon information and belief:

**PRELIMINARY STATEMENT**

1. At all times hereinafter mentioned, the Plaintiff, QAASID BAJWA, was and still is a resident of the State of New York, County of Queens, residing at 24-02 Ditmars Boulevard, Astoria, NY 11105.
2. Upon information and belief, Defendant, VIRGIN ATLANTIC AIRWAYS LIMITED, was and still is a foreign corporation, or other foreign legal entity which has purposely availed itself of the privilege of conducting activities within New York State and has invoked the benefits and protections of New York law.
3. At all times mentioned herein, Defendant, VIRGIN ATLANTIC AIRWAYS LIMITED, was and is a foreign corporation authorized to do business in the State of New York.
4. At all times mentioned herein, Defendant, VIRGIN ATLANTIC AIRWAYS LIMITED, was and is a common carrier engaged in the business of transporting passengers for hire by air.

5. At all times mentioned herein, Defendant, VIRGIN ATLANTIC AIRWAYS LIMITED, employed a flight crew responsible for the safe and secure operation of the flight as well as the safety and well-being of its passengers

6. Upon information and belief, Defendant, "JOHN/JANE DOE" (an employee/flight attendant yet to be identified), at all times hereinafter mentioned, was an agent, servant, and/or employee of Defendant, VIRGIN ATLANTIC AIRWAYS LIMITED.

7. Upon information and belief, at all times hereinafter mentioned, the Defendant, VIRGIN ATLANTIC AIRWAYS LIMITED, was and is maintaining a principal place of business at 75 North Water Street, South Norwalk, Connecticut 06854, and transacts business in the State of New York, including permanent and continuous airline business at JFK airport.

8. That the amount in controversy exceeds in the sum of $150,000.00 (one hundred and fifty thousand dollars) exclusive of costs and interest.

**JURISDICTION**

9. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sec. 1331, insofar as a federal question is presented pursuant to the Convention for the Unification of Certain Rules for International Carriage by Air done at Montreal on May 28, 1999 (the "Montreal Convention").

10. Pursuant to Article 33 Section 1 of the Montreal Convention, jurisdiction is proper as the airline flight that is the subject of this lawsuit had a final destination of John F. Kennedy International Airport, in Queens, New York.

11. Venue is proper in this district pursuant to 28 U.S.C. Sec. 1391 insofar as Plaintiff, QAASID BAJWA, resides within this judicial district in the County of Queens, State of New York. Venue is also proper in this district insofar as Plaintiff's flight took place and had a final destination within the Eastern District of New York.

## FACTUAL ALLEGATIONS

12. On April 23, 2024, Defendant, VIRGIN ATLANTIC AIRWAYS LIMITED, operated and controlled a certain aircraft, designated as VS153 (hereinafter referred to as "the subject aircraft"), from Heathrow Airport in London, in the United Kingdom, to John F. Kennedy International Airport, in Queens, New York (hereinafter referred to as "the subject flight").
13. On April 23, 2024, Plaintiff, QAASID BAJWA, was a fare-paying passenger lawfully aboard the subject aircraft and during the subject flight.
14. On April 23, 2024, the subject flight was conducted on the subject aircraft which was owned, leased, operated, staffed, or otherwise controlled by the Defendant, VIRGIN ATLANTIC AIRWAYS LIMITED.
15. On April 23, 2024, Defendant, VIRGIN ATLANTIC AIRWAYS LIMITED, was responsible for the service, maintenance, inspection, and/or repair of the subject aircraft.
16. On April 23, 2024, Defendant, VIRGIN ATLANTIC AIRWAYS LIMITED, was responsible for the training, management, supervision, and/or control of the flight crew aboard the subject flight, including but not limited to the crew's adherence to standard safety policies and protocol.
17. On April 23, 2024, Defendant, "JOHN/JANE DOE" (an employee/flight attendant yet to be identified), was a flight attendant on the subject aircraft during the subject flight.
18. On April 23, 2024, while seated aboard the subject aircraft during the subject flight, Plaintiff, QAASID BAJWA, was injured as the result of an accident.
19. Specifically, while on the subject aircraft during the subject flight, Plaintiff, QAASID BAJWA, was seated in his assigned seat when a cup of hot water, which was provided to him by Defendants, VIRGIN ATLANTIC AIRWAYS LIMITED AND "JOHN/JANE

DOE" (an employee/flight attendant yet to be identified), spilled on to his lap causing serious burns and injuries.

20. That the cup of hot water that was provided to the Plaintiff, QAASID BAJWA, by VIRGIN ATLANTIC AIRWAYS LIMITED AND "JOHN/JANE DOE" (an employee/flight attendant yet to be identified), was heated past a reasonable temperature.

**FIRST CAUSE OF ACTION**

21. Pursuant to the Montreal Convention Treaty of 1999, Article 17, airlines are liable to its passengers for injuries. Specifically, Article 17, Section 1 states that:

> **"the carrier is liable for damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place onboard the aircraft or in the course of any operations of embarking and disembarking."**

22. Plaintiff's injuries resulted from an accident pursuant to Article 17 of the Montreal Convention, insofar as his injuries were caused by an unexpected or unusual event or occurrence external to the Plaintiff, and not by Plaintiff's internal reaction to the normal operation of the subject aircraft, while within the subject aircraft during the subject flight.

23. That the Defendant, VIRGIN ATLANTIC AIRWAYS LIMITED, caused the accident that injured the Plaintiff, QAASID BAJWA.

24. That the Defendant, VIRGIN ATLANTIC AIRWAYS LIMITED, via their agents, servants, and/or employees, caused the accident that injured the Plaintiff, QAASID BAJWA.

25. That the Defendant, VIRGIN ATLANTIC AIRWAYS LIMITED AND "JOHN/JANE DOE" (an employee/flight attendant yet to be identified), caused the accident that injured the Plaintiff, QAASID BAJWA.

26. That the Defendant, VIRGIN ATLANTIC AIRWAYS LIMITED, created the circumstances that caused the accident that injured the Plaintiff, QAASID BAJWA.

27. That the Defendant, VIRGIN ATLANTIC AIRWAYS LIMITED, via their agents, servants, and/or employees, created the circumstances that caused the accident that injured the Plaintiff, QAASID BAJWA.
28. That the Defendant, VIRGIN ATLANTIC AIRWAYS LIMITED AND "JOHN/JANE DOE" (an employee/flight attendant yet to be identified), created the circumstances that caused the accident that injured the Plaintiff, QAASID BAJWA.
29. As a result of the aforesaid accident, Plaintiff, QAASID BAJWA, was injured.
30. As a result of the aforesaid accident, Plaintiff, QAASID BAJWA, was seriously injured.
31. As a result of the aforesaid accident, Plaintiff, QAASID BAJWA, was permanently injured.
32. As a result of the aforesaid accident, Plaintiff, QAASID BAJWA, suffered great pain, agony and mental anguish, and in the future shall continue to suffer from same.
33. As a result of the aforesaid accident, Plaintiff, QAASID BAJWA, suffered great economic loss and in the future shall continue to suffer from same.
34. As a result of the aforesaid accident, Plaintiff, QAASID BAJWA, was deprived of his enjoyment of life, pursuits, and interests and in the future shall continue to be deprived of same.
35. As a result of the foregoing, Defendants, VIRGIN ATLANTIC AIRWAYS LIMITED AND "JOHN/JANE DOE" (an employee/flight attendant yet to be identified), are liable to pay full, fair and reasonable damages to Plaintiff, QAASID BAJWA, pursuant to the Montreal Convention.
36. Defendants, VIRGIN ATLANTIC AIRWAYS LIMITED AND "JOHN/JANE DOE" (an employee/flight attendant yet to be identified), cannot meet their burden of proving that their negligence did not cause or contribute to the aforesaid accident and the resulting injuries to Plaintiff, QAASID BAJWA.

37. Defendants, VIRGIN ATLANTIC AIRWAYS LIMITED AND "JOHN/JANE DOE" (an employee/flight attendant yet to be identified), cannot meet its burden of proving that the injuries suffered by Plaintiff, QAASID BAJWA, were caused solely by the acts of third parties.

38. That by reason of the foregoing, Plaintiff, QAASID BAJWA, was damaged in the sum which exceeds $75,000.00, which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon trial of this action.

## SECOND CAUSE OF ACTION

39. Plaintiff, QAASID BAJWA, repeats, reiterates and realleges each and every allegation heretofore set forth with the same force and effect as though set forth at length herein.

40. Defendants, VIRGIN ATLANTIC AIRWAYS LIMITED AND "JOHN/JANE DOE" (an employee/flight attendant yet to be identified), are strictly liable to Plaintiff under the Montreal Convention.

41. Defendant, VIRGIN ATLANTIC AIRWAYS LIMITED AND "JOHN/JANE DOE" (an employee/flight attendant yet to be identified), is strictly liable to Plaintiff in the amounts as heretofore alleged in each cause of action, or in such other amount as the court shall determine is applicable to this action.

42. That by reason of the foregoing, Plaintiff, QAASID BAJWA, was damaged in the sum which exceeds $75,000.00, which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon trial of this action.

**DEMAND FOR TRIAL BY JURY**

43. Pursuant to Rule 38(b)(1) and 38 (c) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Dated: New York, New York
April 10, 2026

Yours,
KHAVINSON & MADRONICO, P.C.

Joshua Versoza

BY: JOSHUA VERSOZA
*Attorneys for Plaintiff*
45 Broadway, Suite 720
New York, NY 10006