UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
QAASID BAJWA,

Plaintiff,

-against-

VIRGIN ATLANTIC AIRWAYS LIMITED AND "JOHN/JANE DOE" (AN EMPLOYEE/FLIGHT ATTENDANT YET TO BE INDENTIFIED),

Defendant.
---------------------------------------------------------x

Case No.: 1:26-cv-02141-DG-JRC

**ANSWER OF VIRGIN ATLANTIC AIRWAYS LIMITED**

Virgin Atlantic Airways Limited ("VAA"), by and through its attorneys, Clyde & Co US LLP, as and for its Answer to plaintiff's Complaint, states as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint, except admits that VAA is an entity organized and existing under the laws of England and Wales and that it conducts business operations in New York.

3. Admits the allegations in paragraph 3 of the Complaint.

4. Admits the allegations in paragraph 4 of the Complaint.

5. Denies information or knowledge sufficient to for a belief as to the truth of the allegations in paragraph 5 of the Complaint, except admits that VAA employed a flight crew and that VAA is subject to certain duties imposed by law.

6. Denies information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7. Denies the allegations in paragraph 7 of the Complaint, except admits that VAA conducts business operations in New York, including at JFK International Airport.

8. Denies information or knowledge sufficient to for a belief as to the truth of the allegations in paragraph 8 of the Complaint.

**AS TO THE ALLEGATIONS CONCERNING JURISDICTION**

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint and leaves all questions of law to be decided by the Court.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint and leaves all questions of law to be decided by the Court.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint and leaves all questions of law to be decided by the Court.

**AS TO THE FACTUAL ALLEGATIONS**

12. Admits the allegations in paragraph 12 of the Complaint.

13. Admits the allegations in paragraph 13 of the Complaint.

14. Admits the allegations in paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint, except admits that VAA is subject to certain duties imposed by law.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint, except admits that VAA is subject to certain duties imposed by law.

17. Denies information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint.

18. Denies the allegations in paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

20. Denies the allegations in paragraph 20 of the Complaint.

**AS TO THE FIRST CAUSE OF ACTION**

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint and refers to the wording of Article 17 for its contents.

22. Denies the allegations in paragraph 22 of the Complaint.

23. Denies the allegations in paragraph 23 of the Complaint.

24. Denies the allegations in paragraph 24 of the Complaint.

25. Denies the allegations in paragraph 25 of the Complaint.

26. Denies the allegations in paragraph 26 of the Complaint.

27. Denies the allegations in paragraph 27 of the Complaint.

28. Denies the allegations in paragraph 28 of the Complaint.

29. Denies the allegations in paragraph 29 of the Complaint.

30. Denies the allegations in paragraph 30 of the Complaint.

31. Denies the allegations in paragraph 31 of the Complaint.

32. Denies the allegations in paragraph 32 of the Complaint.

33. Denies the allegations in paragraph 33 of the Complaint.

34. Denies the allegations in paragraph 34 of the Complaint.

35. Denies the allegations in paragraph 35 of the Complaint.

36. Denies the allegations in paragraph 36 of the Complaint.

37. Denies the allegations in paragraph 37 of the Complaint.

38. Denies the allegations in paragraph 38 of the Complaint.

**AS TO THE SECOND CAUSE OF ACTION**

39. Answering paragraph 39 of the Complaint, VAA repeats, reiterates and realleges each and every answer and response heretofore set forth with the same force and effect as though set forth at length herein.

40. Denies the allegations in paragraph 40 of the Complaint.

41. Denies the allegations in paragraph 41 of the Complaint.

42. Denies the allegations in paragraph 42 of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

43. The Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

44. VAA should be wholly or partly exonerated from liability for the loss or damage described in the Complaint because the alleged loss or damage was caused or contributed to by the negligence or culpable conduct of plaintiff.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

45. The alleged damages complained of were not proximately caused by any culpable conduct on the part of VAA.

**AS AND FOR A FOURTH**
**AFFIRMATIVE DEFENSE**

46. Plaintiff's damages, if any, were caused and brought about by an intervening and superseding cause and were not caused by VAA or any person or entity for whom VAA is responsible.

**AS AND FOR A FIFTH**
**AFFIRMATIVE DEFENSE**

47. Plaintiff failed to mitigate plaintiff's damages, if any, and is therefore barred from recovering any such damages from VAA.

**AS AND FOR A SIXTH**
**AFFIRMATIVE DEFENSE**

48. VAA asserts that if it is liable to plaintiff, which liability VAA expressly denies, then VAA is entitled to a set-off for all settlements/benefits and/or collateral sources received by plaintiff.

**AS AND FOR A SEVENTH**
**AFFIRMATIVE DEFENSE**

49. Because the transportation out of which the subject matter of this action arose was "international carriage" within the meaning of a treaty of the United States known as the Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal on 28 May 1999, ICAO Doc. No. 9740 (entered into force November 4, 2003), reprinted in S. Treaty Doc. 106-45, 1999 WL 33292734 (hereinafter "Montreal Convention"), and the rights and liabilities of the parties are governed exclusively by the provisions the Montreal Convention.

**AS AND FOR AN EIGHTH**
**AFFIRMATIVE DEFENSE**

50. VAA is not liable for plaintiff's alleged injuries because some or all of plaintiff's injuries were not caused by an "accident" within the meaning of Article 17 of the Montreal Convention.

**AS AND FOR A NINTH**
**AFFIRMATIVE DEFENSE**

51. Pursuant to Article 21 of the Montreal Convention, and the conditions of carriage set forth in the relevant contract of carriage, and/or other applicable law, VAA is not liable to plaintiff for the loss or damage described in the Complaint or its liability, if any, is limited to an aggregate sum of provable damages not in excess of 128,821 Special Drawing Rights (SDRs).

**AS AND FOR A TENTH**
**AFFIRMATIVE DEFENSE**

52. Pursuant to Article 20 of the Montreal Convention and/or other applicable law, VAA shall be wholly or partly exonerated from liability for the loss or damage described in the Complaint because the alleged loss or damage was caused or contributed to by the negligence or culpable conduct of plaintiff.

WHEREFORE, Virgin Atlantic Airways, Ltd. demands judgment dismissing the Complaint in its entirety or, alternatively, judgment limiting its liability pursuant to the foregoing, together with attorneys' fees, costs, disbursements and such other and further relief as this Court deems just and proper.

Dated: New York, New York
April 20, 2026

CLYDE & CO US LLP

By: ______________________________

Christopher Carlsen
**Clyde & Co US LLP**
2 Grand Central Tower
140 E. 45th Street, Suite 26A
New York, New York 10017
Phone: (212) 710-3900
Fax: (221) 710-2950
Email: christopher.carlsen@clydeco.us

Attorneys for Defendant
Virgin Atlantic Airways, Ltd.

To: Joshua Lorenzo Versoza, Esq.
Khavinson & Mandronico, P.C.
45 Broadway, Ste 720
New York, New York 10006
(212) 433-2591
jv@khavinson.com

Attorneys for Plaintiff